UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY M. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:20-CV-800 NCC |
| | ) | |
| PHELPS COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the affidavit of self-represented plaintiff Anthony M. Harris in support of his request to proceed *in forma pauperis* – or without prepayment of the required filing fee – in this matter.  ECF No. 2.  Having reviewed the included financial information, the Court will construe plaintiff's affidavit as a motion and grant it.  The initial partial filing fee will be waived.  *See* 28 U.S.C. § 1915(b)(4).  Additionally, for the reasons discussed below, the Court will direct the plaintiff to file an amended complaint in this matter.

**Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit in support of his request to proceed *in forma pauperis* in this case. ECF No. 2. In his affidavit, he states that he has no job, no income, no assets, and no money in his prison account. Taking this into consideration, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

## Case Background

On June 1, 2020, self-represented plaintiff Anthony M. Harris, confined at the Phelps County Jail, initiated this suit by filing a 42 U.S.C. § 1983 form complaint in the United States District Court for the Western District of Missouri. ECF No. 1. On June 18, 2020, the matter was transferred to this Court. *See* ECF Nos. 4-5. On plaintiff's form complaint, in the 'Statement of claim' section, plaintiff writes only: "on kiosk." *Id.* at 3.

## Discussion

The Court does not have access to the details of grievances filed by plaintiff on the County Jail kiosk system. Plaintiff must include all the factual allegations that he wants the Court to consider, in the complaint he files with this Court. Because the plaintiff is self-represented, the Court will give him the opportunity to file an amended complaint.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint

without legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed. R. Civ. P. 8(d)(1) (each claim shall be simple, concise, and direct); Fed. R. Civ. P. 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant.

In the 'Statement of Claim' section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. Fed. R. Civ. P. 18(a).

If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's affidavit in support of request to proceed *in forma pauperis* [ECF No. 2], construed as a motion to proceed *in forma pauperis*, is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank 'Prisoner Civil Rights Complaint' form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** after the date of this Order, plaintiff shall file an amended complaint in accordance with the instructions set forth herein.

**If plaintiff fails to timely file an amended complaint in compliance with this Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 22nd day of June, 2020.

                                                      /s/ Noelle C. Collins
                                                      NOELLE C. COLLINS
                                                      UNITED STATES MAGISTRATE JUDGE