UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY M. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:20-CV-800 NCC |
| | ) |
| PHELPS COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the amended complaint and multiple other filings from self-represented plaintiff Anthony M. Harris. On June 22, 2020, this Court granted plaintiff *in forma pauperis* status and directed plaintiff to file an amended complaint in accordance with the Court's instructions. ECF No. 6. Since that Order, plaintiff has filed three letters with the Court, a "Memorandum and Order," a motion for appointment of counsel, and an amended complaint. ECF Nos. 8-9, 11-12, 14, 17. Based on a review of these filings, the Court will direct plaintiff to file a second amended complaint. Plaintiff's second amended complaint will replace all prior complaints and should include only allegations directed at the named defendants in this matter.

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## Background

### I. Case Background

Self-represented plaintiff Anthony M. Harris is a pretrial detainee currently confined at the Phelps County Jail. On June 1, 2020, plaintiff initiated this suit by filing a 42 U.S.C. § 1983 form complaint in the United States District Court for the Western District of Missouri. ECF No. 1. On June 18, 2020, the case was transferred to this Court. *See* ECF Nos. 4-5. On the form complaint filed by plaintiff, in the 'Statement of claim' section, plaintiff wrote only: "on kiosk." *Id.* at 3. In its June 22, 2020 Order, the Court explained that it does not have access to the details of grievances filed by plaintiff on the County Jail kiosk system. ECF No. 6. As a result, the

Court directed plaintiff to file an amended complaint which includes all the factual allegations that plaintiff wanted the Court to consider. Since that Order, plaintiff has filed with this Court three letters, a "Memorandum and Order," a motion for appointment of counsel, an amended complaint, and multiple requests for an update on the status of his case. ECF Nos. 8-9, 11-15.

## II.     Plaintiff's Pending Criminal Matter in the Western District

As of the date of this Order, there are criminal charges pending against plaintiff in the United States District Court for the Western District of Missouri. *United States v. Harris*, No. 2:19-CR-4088-BCW (W.D. Mo. Nov. 13, 2019). On November 13, 2019, the criminal indictment in that matter was returned, charging plaintiff with: (1) possession with intent to distribute methamphetamine and (2) possession of a firearm in furtherance of a drug trafficking crime. *Id.* at ECF No. 1. The case was referred to Magistrate Judge Willie J. Epps, Jr. *Id.* at ECF No. 2. The charges in the criminal matter resulted from plaintiff's arrest in Camdenton, Missouri by Nick Thomas of the Camdenton Police Department on September 26, 2019. *Id.* at ECF Nos. 26, 39.

Despite plaintiff having appointed counsel in his pending criminal matter, he has filed many pro se motions and letters with the Western District Court. *Id.* at ECF Nos. 19, 29, 31, 37, 40, 65, 74-75, 81. Plaintiff has raised many of the same allegations in the Western District Court that he mentions in his letters to this Court, including assertions of unlawful arrest and warrantless entry which allegedly occurred in Camden County, and an assault plaintiff suffered at the Cole County Jail. *Id.* Relevant to this matter, in a letter received by that Court on April 30, 2020, plaintiff stated: "Now at Phelps County Jail, they have a library that I can use all day and all night (Thank God)." *Id.* at ECF No. 31. In addition, at a June 30, 2020 hearing in plaintiff's criminal matter, the Court instructed defense counsel to contact the Deputy US Marshal, after hearing some unknown concerns expressed by defendant. *Id.* at ECF No. 76. At

that same hearing, the Court denied defense counsel's oral motion to order Phelps County Jail to provide additional phone privileges to defendant. However, the Court informed defense counsel that he could file a written motion with additional facts and arguments. *Id.* Plaintiff's criminal case is currently on the March 22, 2021, criminal trial docket. *Id.* at ECF No. 69.

### Plaintiff's Recent Filings with this Court

**I.       Letters Filed Prior to the Amended Complaint**

In an undated letter received by the Court on June 25, 2020, plaintiff complains about being in the "hole" for three weeks and being told that he will continue to be there until he leaves Phelps County Jail. ECF No. 8 at 1-2. Plaintiff was told that he was there due to "P.C.," or protective custody, but plaintiff does not believe that is the true reason. Plaintiff complains about the lack of access to the phone, law library, and a shower "at will." As a result of only being able to use the phone "after hour," he has only been able to contact his attorney once in three weeks. Plaintiff also complains about loss of property due to it being discarded by a transport driver, four months of denial of medical care, five days of suicide watch, defendant Lortis taking his clothing when he complained of tooth pain, being tasered twice then put in the "resisst chair," and being told he had no rights in Phelps County Jail. Plaintiff also mentions an assault he suffered at the Cole County Jail, prior to his January 6, 2020 arrival at Phelps County Jail. *Id.* at 3.

In a second undated letter received by this Court on July 2, 2020 (addressed to Judge Howard Sachs who transferred this case to this Court from the Western District Court), plaintiff again complains about being in the "hole" with no phone or law library access "at free will." ECF No. 11 at 1. Plaintiff complains about his appointed counsel in his pending criminal case and states that he needs to be moved to a different Jail with law library access so he can "try to

save [his] life." *Id.* at 3.  Plaintiff asserts that before Sergeant Lortis[1] put him in the hole, Lortis tasered him and put him in the "resist chair."  *Id.*  The remainder of plaintiff's letter contains information and arguments concerning his pending criminal case, including allegations of unlawful arrest and warrantless search, complaints about his appointed counsel, and complaints about being on his fifth appointed attorney in his criminal matter.  *Id.* at 4-8.

## II.    Motion for Appointment of Counsel

On June 28, 2020, plaintiff filed a motion for appointment of counsel in this matter, stating that his "access to phone, law library, and kiosk" are being restricted while he is in the "hole" and he is not sure how long the restrictions will last.  ECF No. 9 at 1.

## III.    Amended Complaint

Plaintiff's amended complaint is brought under 42 U.S.C. § 1983, alleging violations of plaintiff's civil rights against three defendants: (1) Sergeant Lortis, (2) Nurse Kelley, and (3) Phelps County Jail.  ECF No. 12 at 1-3.  Plaintiff states that Lortis and Kelley are both employees of the Phelps County Jail and he sues them in their official capacities only.  *Id.*

As to defendant Sergeant Lortis, plaintiff alleges that in March 2020 he called for a medical emergency because of "unbearable pain in [his] mouth" and defendant Lortis responded by chaining plaintiff to a bench "for hours."  *Id.* at 3.  It is not entirely clear from the allegations, but it seems that plaintiff was then put on suicide watch for five (5) days while not having any clothing or medication for his pain, and while suffering "unspeakable mental pain from the embarrassment" of the situation.  *Id.*  Plaintiff also asserts that he was put in the "ressit chair" because of his repeated complaints of pain and requests for assistance with the pain.  *Id.*

---

[1] The Court notes that plaintiff uses two different spellings for the last name of one of the defendants: "Lortis" and "Lorts."  *See* ECF Nos. 11 at 3, 12 at 1.  The Court will use the spelling provided in the amended complaint.

Plaintiff states that he was on suicide watch naked for five (5) days total. On the third day, plaintiff was seen by a doctor, but he did not receive any pain medication or clothing. *Id.* at 4. Plaintiff states that after two more days of mental torture on suicide watch, he was "made to sign a paper" stating that if he hurt himself, he would not sue Phelps County Jail. *Id.* As of the date of the amended complaint (signed July 1, 2020), plaintiff states that he is under protective custody in the same cell for the fourth week, but he has clothing. *Id.* at 4, 10.

As to defendant nurse Kelley, plaintiff asserts that he asked her to "sign [him] up for mental health" but that she was in a hurry and she just replied "I don't know what you want me to do."[2] *Id.* at 4. Plaintiff makes no specific allegations as to defendant Phelps County Jail, but he does state that while he spent five days naked on suicide watch "both shifts at Phelps County Jail did [nothing] to help" with his pain. *Id.* at 3. According to plaintiff, there is "no due process in Phelps County Jail at all." *Id.* at 7.

As for injuries, plaintiff alleges that he received no medical help until he got back to his pod when he was "put on 1 pain pill a day." *Id.* at 4. Furthermore, plaintiff states that he needs professional counseling because he is "having problem[s] talking to white people because this whole issue would not have been if I was white." *Id.*

For relief, plaintiff seeks damages "because professional counseling is not free" and he would like to be moved out of Phelps County Jail right away. *Id.* at 5.

## IV.   "Memorandum and Order"

On July 24, 2020, the Court received a filing from plaintiff that included a one-page "Memorandum and Order" and a three-page letter to the Clerk of this Court. ECF Nos. 14, 14-1. The filing contains the case number for this matter, however, it describes this case as a "civil

---

[2] Plaintiff does not state when he requested mental health services from Nurse Kelley. He says that he asked her "upon getting out of H-2" but he also says that he is "in H-2 now [going] on the 4th week." ECF No. 12 at 4. 1

action pursuant to 28 U.S.C. § 1983, against the Camdenton County Jail in part, the Camdenton Police Dept. in part, and also the Camdenton County Sheriff in part, and the City of Camdenton, Missouri as a whole." ECF No. 14 at 1. According to plaintiff, the City of Camdenton is subject to civil liability under a theory of failure to train police officers that amounted to deliberate indifference and a reckless disregard for human life. Plaintiff also mentions specific claims against Camdenton Police Officer "Nick Thomas" and "Sergeant Bonner of the Camdenton County Sheriff Dept." for unlawful arrest in violation of the Fourth Amendment. *Id.*

Attached to the Memorandum and Order, plaintiff included a letter to the Clerk of Court seeking to "add some more untold evidence [of] clear constitutional violation." ECF No. 14-1 at 1. Plaintiff states that he has complained to "Judge Willie J. Epps, Jr." about his appointed public defender in his pending criminal case, and that his arrest by Camdenton Police was unlawful and based on a warrantless entry. Finally, plaintiff asserts that the "federal government is holding [him] for 2 counts of federal criminal, but the government has violated at least 4 constitutional violation[s] while holding [plaintiff]." *Id.* at 2.

## V.      Letter Filed After the Amended Complaint

In plaintiff's letter to the Court, received September 1, 2020, plaintiff states that he is seeking relief from Phelps County Jail and that he has "been complaining about his eye sight for months." ECF No. 17 at 1. Plaintiff then details the concerns he has raised to Magistrate Judge Epps in his pending criminal matter, including "deprivation of medical," "tasering," and the problems he has had with his appointed attorneys. *Id.* at 1-2.

## Discussion

Based on the filings before the Court, plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). However, because plaintiff is self-represented,

the Court will give him another opportunity to cure his pleadings deficiencies.  Plaintiff should consider the following problems when filing his second amended complaint.

First, plaintiff is cautioned that he may not file letters addressed to a Judge or the Clerk of Court seeking amendment of his complaint.  The Court's Local Rules do not permit parties to communicate with the Court by informal letters.  Parties may only address the Court concerning a pending case through motions and memoranda, unless otherwise directed by the Court.  *See* E.D. Mo. Local Rule 4.04(A).

Second, it is unclear what claims plaintiff is attempting to assert in this matter.  Plaintiff's court filings are filled with factual details and legal arguments concerning unlawful arrest, warrantless search, and excessive force directed at the Camdenton Police Department and Camden County Jail; assault at the Cole County Jail; and ineffective assistance of counsel on the part of plaintiff's appointed criminal counsel.  None of these allegations are relevant to the defendants in this matter.  The named defendants in this matter are Phelps County Jail and two of its employees, Sergeant Lortis and Nurse Kelley.  None of the alleged unconstitutional conduct which occurred in Camden and Cole Counties – both located outside the judicial district of this Court – should be included in the complaint in this matter.  *See* 28 U.S.C. § 105(b)(4) (stating that Camden and Cole counties are part of the Central Division of the United States District Court for the Western District of Missouri).

In one filing, plaintiff describes this case as bringing charges of "excessive force and refusing … medical treatment."  ECF No. 11 at 4.  As far as the Court can determine, plaintiff is attempting to assert allegations of deliberate indifference to a serious medical need and excessive force.[3]  However, the factual allegations forming the basis of these claims are uncertain.

---

[3] It is also unclear whether plaintiff is asserting claims regarding restricted access to the phone, law library, and shower.  The Court notes that, in a contradictory statement, plaintiff told the Western District Court that he could access the Phelps County Jail law library "all day and all night."  *United States v. Harris*, No. 2:19-CR-4088-BCW,

When evaluating the constitutionality of pretrial-detainee conditions, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id.* Furthermore, "the Government concededly may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37. *See also Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). In addition, plaintiff also has the Constitutional protection of the Eighth Amendment, which prohibits cruel and unusual punishment, and limits conditions of confinement. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981).

A jail official's intentional denial of or delayed access to medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for

---

ECF No. 31 (dated Apr. 30, 2020). In addition, plaintiff should be aware that the Eighth Circuit Court of Appeals has held that a confined person has no right to unrestricted phone use. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1038-39 (8th Cir. 2012).

a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted).

Here, the Court cannot decipher what objectively serious medical need plaintiff is asserting. In the amended complaint, plaintiff complains about "unbearable pain in [his] mouth" and denial of "mental health" services. ECF No. 12 at 3-4. But in his most recent letter to the Court, plaintiff states that he has "been complaining about his eye sight for months." ECF No. 17 at 1. In addition, the factual allegations are not clear on whether any of the defendants actually knew of a serious medical need and whether any of them deliberately disregarded it.

Furthermore, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). In order to prevail on an excessive force claim, plaintiff must show that a defendant purposely or knowingly used objectively unreasonable force. *Id.* "Whether the application of force is unreasonable turns on the facts and circumstances of each particular case." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (internal quotations and citations omitted). "Factors relevant to assessing the objective reasonableness of force used by officers include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* (citing *Kingsley*, 135 S. Ct. at 2473).

Here, plaintiff alleges that defendant Sergeant Lortis chained him to a bench for many hours. Plaintiff also alleges that he was tasered and put in a resistance chair. However, it is not clear from plaintiff's amended complaint whether those actions were done by defendant Lortis.

In addition, plaintiff includes no allegations as to physical injuries, if any, suffered as a result of the tasering and chaining.

Third, plaintiff needs to clarify the named defendants. In plaintiff's amended complaint, he brings his claims against defendants Sergeant Lortis and Nurse Kelley in their official capacities only. A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, the real party in interest in an official-capacity suit is not the named official, but the employing governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In this case, plaintiff's official capacity claims against defendants Lortis and Kelley are really claims against their employer, Phelps County. Furthermore, plaintiff's claims against Phelps County Jail are subject to dismissal because a jail is not a suable entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983).

As such, the Court will direct plaintiff to file a second amended complaint to clarify his claims and the named defendants in this matter. All of plaintiff's factual allegations must be contained in the second amended complaint. Plaintiff is warned that the filing of a second amended complaint **completely replaces** all other complaints, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims made in

previously filed complaints, letters, or 'Memorandum' filed with the Court – that are not included in the second amended complaint – will be deemed abandoned and will not be considered. *Id.* Plaintiff must submit the second amended complaint on a court-provided form, and the second amended complaint must comply with the Federal Rules of Civil Procedure.

In the "Caption" section of the court-provided form, plaintiff should clearly name and spell every party he is intending to sue. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The second amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. Fed. R. Civ. P. 20(a)(2). Also, plaintiff should only include claims that relate to the named defendants in this matter.

In structuring his second amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in the correct capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**Appointment of Counsel**

Finally, plaintiff has filed a motion for appointment of counsel. ECF No. 9. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that, within **thirty (30) days** after the date of this Order, plaintiff shall file a second amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank 'Prisoner Civil Rights Complaint' form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 9] is **DENIED without prejudice**.

**If plaintiff fails to timely file a second amended complaint in compliance with this Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 9th day of September, 2020.

        /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE