# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ANTHONY M. HARRIS,                    )
                                      )
              Plaintiff,               )
                                      )
    vs.                               )        Case No. 4:20-CV-800 NCC
                                      )
PHELPS COUNTY JAIL, et al.,           )
                                      )
           Defendants.               )

## MEMORANDUM AND ORDER

This matter is before the Court upon a Motion for Extension of Time and a Second Amended Complaint filed by self-represented plaintiff Anthony M. Harris.  ECF Nos. 20-21.  On September 9, 2020, the Court reviewed plaintiff's Amended Complaint and directed plaintiff to file a second amended complaint to clarify his allegations and to include only those directed at the named defendants in this matter.  ECF No. 18.  Plaintiff filed his Second Amended Complaint on September 21, 2020 – the same date that his Motion for Extension of Time was docketed.  ECF Nos. 20-21.  Because the Court had already granted plaintiff permission to file a second amended complaint and the filing was received by the deadline established by the Court, plaintiff's Motion for an Extension of Time to file a second amended complaint (ECF No. 21) will be denied as moot.  Furthermore, the Court will give self-represented plaintiff one more opportunity to file an amended pleading in this case in order to clarify the relief sought.

Plaintiff, a pretrial detainee currently confined at the Phelps County Jail, filed this civil action pursuant to 42 U.S.C. § 1983, alleging excessive force and deliberately indifferent medical care.  *See* ECF No. 20 at 1, 3-4.  Plaintiff followed the Court's directive by filing a Second Amended Complaint that clarified his claims and included only claims directed at the named defendants.  However, plaintiff's requested relief in his Second Amended Complaint is not

cognizable in an § 1983 action.  Plaintiff requests conditional release until trial "so [he] can seek help for [his] mental illness that Phelps County Jail has caused."  *Id.* at 5.  Plaintiff does not seek any other relief in his Second Amended Complaint; however, the Court notes that plaintiff did seek money damages in both his initial Complaint and his Amended Complaint.  *See* ECF Nos. 1 at 2, 12 at 5.  Damages are an acceptable form of relief in a § 1983 action.

If plaintiff is seeking release from confinement, challenges to the fact or duration of confinement are properly sought under a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  As of the date of this Order, there are criminal charges pending against plaintiff in the United States District Court for the Western District of Missouri.  *United States v. Harris*, No. 2:19-CR-4088-BCW (W.D. Mo. Nov. 13, 2019).  Plaintiff did file a habeas motion under 28 U.S.C. § 2255 in the Western District of Missouri Court on August 10, 2020.  *See Harris v. USA*, No. 2:20-CV-4152-BCW (W.D. Mo. Aug. 10, 2020).  That case was dismissed on August 14, 2020, as premature because § 2255 provides relief only to prisoners who are "in custody *under sentence* of a court."  *Id.* at ECF No. 3; 28 U.S.C. § 2255(a) (emphasis added).

Generally, pre-trial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."  *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).  However, "[t]o be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies."  *Hall v. Pratt*, 97 F. App'x 246, 247 (10th Cir. 2004) (citing *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Moore v. United States*, 875 F. Supp. 620, 623 (D. Neb. 1994).  The Court notes that the docket sheet for plaintiff's pending

criminal matter indicates that plaintiff orally requested, and was denied, bond at his last status conference on September 29, 2020. *U.S. v. Harris*, No. 2:19-CR-4088-BCW, ECF No. 101.

Because plaintiff is self-represented and the allegations of his complaint are very serious, the Court will allow plaintiff to file another amended pleading to clarify his relief sought in this matter. The Court reminds plaintiff that release from confinement cannot be sought through a 42 U.S.C. § 1983 action. **All of plaintiff's factual allegations must be contained in the third amended complaint.** Plaintiff is warned that the filing of a third amended complaint completely replaces all other complaints, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims made in previously filed complaints, letters, or 'Memorandum' filed with the Court – that are not included in the third amended complaint – will be deemed abandoned and will not be considered. *Id.* Plaintiff must submit the third amended complaint on a court-provided form, and the third amended complaint must comply with the Federal Rules of Civil Procedure.

In the "Caption" section of the court-provided form, plaintiff should clearly name and spell every party he is intending to sue. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to

a single set of circumstances."  Fed. R. Civ. P. 10(b).  Plaintiff should describe any injuries

suffered as a result of the alleged actions of named defendants.

The third amended complaint should only include claims that arise out of the same

transaction or occurrence.  In other words, plaintiff should only include claims that are related to

each other.  Fed. R. Civ. P. 20(a)(2).  Also, plaintiff should only include claims that relate to the

named defendants in this matter.

In structuring his third amended complaint, plaintiff should begin by writing the

defendant's name.  In separate, numbered paragraphs under that name, plaintiff should write a

short and plain statement of the factual allegations supporting his claim against that specific

defendant.  If plaintiff is suing more than one defendant, he should follow the same procedure for

each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an

individual capacity, or both.  The failure to sue a defendant in the correct capacity may result in

the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts

demonstrating the personal responsibility of the defendant for harming him.  *Madewell v.*

*Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link

to, and direct responsibility for, the deprivation of rights").  Furthermore, the Court emphasizes

that the "Statement of Claim" requires more than "labels and conclusions or a formulaic

recitation of the elements of a cause of action."  *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404

(8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility

of each separate defendant for harming him.  That is, for each defendant, plaintiff must allege

facts showing how that particular defendant's acts or omissions violated his constitutional rights.

- 4 -

It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing.  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving plaintiff's amended pleading, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a named defendant or failure to seek relief cognizable under the federal statute asserted, could result in dismissal or partial dismissal of this action.  If plaintiff fails to file a third amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that, within **thirty (30) days** after the date of this Order, plaintiff shall file a third amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank 'Prisoner Civil Rights Complaint' form.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time to file a Second Amended Complaint [ECF No. 21] is **DENIED** as moot.

**If plaintiff fails to timely file a third amended complaint in compliance with this Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 28th day of October, 2020.

 /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE