# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY M. HARRIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:20-CV-800 NCC |
| PHELPS COUNTY JAIL, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Anthony M. Harris's "Motion Pro Se for Order of Stay of Execution."[1] ECF No. 25. In his motion, plaintiff requests a stay of this 42 U.S.C. § 1983 action so that "he can retain adequate and effective representation to be able to clearly readdress everyone that has violated his federal and state laws of the Constitution of America." *Id.* at 1.

On June 1, 2020, self-represented plaintiff Anthony M. Harris, confined at the Phelps County Jail, initiated this suit by filing a 42 U.S.C. § 1983 form complaint in the United States District Court for the Western District of Missouri. ECF No. 1. On June 18, 2020, the matter was transferred to this Court. *See* ECF Nos. 4-5. Because plaintiff had only written "on kiosk" in the 'Statement of claim' section of his complaint, the Court directed plaintiff to file an amended complaint on a court-provided form. ECF No. 6. On September 9, 2020, the Court reviewed plaintiff's Amended Complaint and multiple other filings with the Court. ECF No. 18. The Court found that plaintiff's filings contained numerous allegations of wrongdoing that had nothing to do with the named defendants in this matter, and that plaintiff alleged multiple

---

[1] Although plaintiff's motion is titled as a "stay of execution," the Court notes that this is a civil matter and there is no scheduled execution at issue here.

instances of unconstitutional conduct outside the judicial district of this Court.  *Id.* at 8.  The Court could not decipher with certainty what claims plaintiff intended to bring.  *Id.*  As such, the Court directed plaintiff to file a second amended complaint to clarify his claims and the named defendants in the matter.  *Id.* at 11.  The Court also denied plaintiff's motion for appointment of counsel, finding that such appointment was not warranted at the time.  *Id.* at 14.

On October 28, 2020, the Court reviewed plaintiff's Second Amended Complaint and found that plaintiff had followed the Court's directive by clarifying his claims and including only claims aimed at the named defendants.  ECF No. 24 at 1.  In his Second Amended Complaint, plaintiff asserted claims of excessive force and deliberately indifferent medical care against two Phelps County Jail employees, defendants Sergeant Lorts and Nurse Kelley.  ECF No. 20.  However, plaintiff's Second Amended Complaint requested the relief of release from confinement, which is not cognizable in a 42 U.S.C. § 1983 action.  *Id.* at 2-3.  As such, the Court directed plaintiff to file another amended pleading, clarifying the relief sought in this matter.  *Id.* at 3.  Plaintiff's Third Amended Complaint is currently due to the Court by November 27, 2020.

Plaintiff now seeks a "stop, freeze, [or] put on hold" of this case until he can find an attorney to represent him in this matter.  ECF No. 25 at 4.  The Court does not find that plaintiff has put forth sufficient reasons to justify a stay of this case at this time.  Plaintiff has had over five months since case filing to seek counsel to assist him in this matter.  Although plaintiff did have a pending motion for appointment of counsel during part of that time, a pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case.  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  Furthermore, as stated on the Prisoner Civil Rights Complaint form, plaintiff's statement of the claim in his third amended complaint must contain

"a short and plain statement of the facts" and does not need to include "legal arguments[] or cite court cases or statutes."  Because plaintiff should be familiar with the facts supporting his Section 1983 claims, plaintiff should be able to prepare his third amended complaint while continuing his search for representation.

After Plaintiff files the third amended complaint and, before service of process and other proceedings occur with respect to that complaint, the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2).  Further proceedings in this case will occur after that review, only to the extent any claim in the complaint remains pending.  Until that point, holding this case in abeyance, as Plaintiff requests, is not a reasonable use of the Court's resources.

After careful consideration, the Court finds that judicial economy is best served by granting plaintiff a ninety-day (90) extension for filing his third amended complaint.  If plaintiff is unable to retain counsel to represent him in this matter, he will need to draft and file the third amended complaint himself in order to proceed in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to stay [ECF No. 25] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's deadline for filing a third amended complaint, in accordance with the instructions set forth in the Court's October 28, 2020 Order (ECF No. 24) and on a court-provided form, is now **February 25, 2021**.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 18th day of November, 2020.

 /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE