# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ANTHONY M. HARRIS, )
)
        Plaintiff, )
)
vs. )   Case No. 4:20-CV-800 NCC
)
PHELPS COUNTY JAIL, et al., )
)
        Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon multiple filings by self-represented plaintiff Anthony Harris. On October 28, 2020, the Court directed plaintiff to file a third amended complaint, clarifying the relief sought in this matter. ECF No. 24. On November 18, 2020, the Court granted plaintiff a three-month extension on the deadline for filing the amended pleading. ECF No. 26. Since that extension, plaintiff has filed a Motion for Reconsideration of Appointment of Counsel (ECF No. 28), a "Memorandum of Intent" (ECF No. 29), a Third Amended Complaint (ECF No. 30), and a "Motion Pro Se For demandant of Real Action And transitory Action" (ECF No. 32).[1]

Plaintiff has been given multiple opportunities to amend his pleadings in order to state a valid 42 U.S.C. § 1983 claim in this case. After review of plaintiff's Third Amended Complaint under 28 U.S.C. § 1915(e)(2), and in consideration of the record for plaintiff's pending criminal matter in the United States District Court for the Western District of Missouri, the Court finds that this case is subject to dismissal for failure to state a claim upon which relief may be granted.

---

[1] Plaintiff also filed a Certified Inmate Account Statement showing a balance of $0.00 and an amount owed of $127.71, as of November 10, 2020. ECF No. 27 at 1. The Court will not discuss this filing as it does not change the Court's previous Order of June 22, 2020, which granted plaintiff *in forma pauperis* status, waived the initial partial filing fee, and directed the institution having custody of plaintiff to send monthly payments towards the filing fee when the amount in plaintiff's account exceeds $10.00. *See* ECF No. 6.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

**Background**

I. **Instant Case**

Self-represented plaintiff Anthony M. Harris is a pretrial detainee currently confined at the Phelps County Jail. On June 1, 2020, plaintiff initiated this suit by filing a 42 U.S.C. § 1983 form complaint in the United States District Court for the Western District of Missouri. ECF No. 1. On June 18, 2020, the case was transferred to this Court. *See* ECF Nos. 4-5. In the 'Statement of claim' section of the complaint, plaintiff wrote only: "on kiosk." *Id.* at 3. In its June 22, 2020 Order, the Court explained that it does not have access to the details of grievances filed by plaintiff on the County Jail kiosk system. ECF No. 6. As a result, the Court directed plaintiff to file an amended complaint containing all the factual allegations that plaintiff wanted the Court to consider.

After that Order, plaintiff filed with this Court three letters, a "Memorandum and Order," a motion for appointment of counsel, an Amended Complaint, and multiple requests for an update on the status of his case. ECF Nos. 8-9, 11-15. Plaintiff brought his Amended Complaint under 42 U.S.C. § 1983 against three defendants: (1) Sergeant Lortis,[2] (2) Nurse Kelley, and (3) Phelps County Jail. ECF No. 12 at 1-3. The Court reviewed plaintiff's Amended Complaint and other filings in its September 9, 2020 Order. ECF No. 18. The Court found that plaintiff had not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). However, because plaintiff is self-represented and the allegations are serious, the Court directed plaintiff to file a second amended complaint to clarify his claims and the named defendants in this matter. The

---

[2] The Court notes that plaintiff fluctuates between two different spellings for the last name of one of the defendants: "Lorts" and "Lortis." *See* ECF Nos. 11 at 3, 12 at 1, 20 at 2, 30 at 11. In this Order, the Court will use the spelling from plaintiff's Third Amended Complaint: "Lortis." *See* ECF No. 30.

- 3 -

Court also denied plaintiff's motion for appointment of counsel. Plaintiff filed his Second Amended Complaint on September 21, 2020. ECF No. 20.

Plaintiff's Second Amended Complaint was brought under 42 U.S.C. § 1983 against only two defendants in their individual capacities: Sergeant Lortis and Nurse Kelley. ECF No. 20 at 2-3. Upon review of the complaint, the Court found that plaintiff was only seeking the relief of release from confinement – a relief that is not cognizable in a § 1983 action. As such, the Court directed plaintiff to file a Third Amended Complaint, clarifying the relief sought in this matter. ECF No. 24. Plaintiff filed a Third Amended Complaint on February 26, 2021. ECF No. 30.

## II. Plaintiff's Pending Criminal Matter in the Western District

As of the date of this Order, there are criminal charges pending against plaintiff in the United States District Court for the Western District of Missouri. *United States v. Harris*, No. 2:19-CR-4088-BCW (W.D. Mo. Nov. 13, 2019).[3] On November 13, 2019, the criminal indictment in that matter was returned, charging plaintiff with: (1) possession with intent to distribute methamphetamine and (2) possession of a firearm in furtherance of a drug trafficking crime. *Id.* at ECF No. 1. According to the indictment, the actions giving rise to the charges occurred in Camden County, Missouri. *Id.* The case is currently on the May 3, 2021, joint criminal trial docket. *Id.* at ECF No. 162.

According to the docket sheet for plaintiff's criminal matter, plaintiff has filed multiple *pro se* motions with that Court concerning the medical care he has been receiving at the Phelps County Jail. Recently, on March 12, 2021, the Western District Court denied plaintiff's motion for adequate medical care (ECF No. 155) after hearing testimony on the subject at a March 9, 2021, hearing. The Court stated in its denial:

---

[3] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

> At the hearing held on March 9, 2021, Deputy U.S. Marshal Erik Zumdome testified that Mr. Harris recently underwent laser eye surgery for his left eye and his ophthalmologist was keeping watch on his right eye but considered it non-urgent. (Tr. 5:4-14). Progress notes had indicated a retinal detachment of the left eye with single retinal tear, glaucoma of both eyes, lattice degeneration of left retina, and nuclear sclerosis bilateral. (Tr. 16:15-18). The ophthalmologist advised he would recheck the right eye at the six-month follow-up for the left eye. (Tr. 6:5-22). On February 4, 2021, the U.S. Marshals Service Medical Management Branch consulted with the ophthalmologist, at which time the ophthalmologist reiterated that the right eye condition was non-urgent. (Tr. 6:23-7:9). Based on this testimony, the Court finds that the government has not exhibited deliberate indifference to a serious medical need, as Mr. Harris has received adequate treatment for, and attention to, his right eye.

*Id.* at ECF No. 167.

**Filings Currently Before the Court**

**I.     Memorandum of Intent**

On January 29, 2021, plaintiff filed a document titled "Memorandum of Intent" in which he makes brief arguments alleging deliberately indifferent medical care concerning his eyes, asserting that he has standing to bring a class action lawsuit regarding Camdenton County Missouri's failure to provide prompt probable cause hearings, and again requesting appointment of counsel in this matter. ECF No. 29 at 1-2. As for his medical care allegations, plaintiff states that he was diagnosed with Glaucoma in November 2020 and taken to an "eye client" who told him that he needed glasses. *Id.* at 1. As of January 22, 2021, plaintiff states that he still does not have glasses and that the delay in treatment constitutes a constitutional deprivation. *Id.*

**II.    Third Amended Complaint**

About a month later, on February 26, 2021, the Court received plaintiff's Third Amended Complaint on the required court-provided form. ECF No. 30. In his Third Amended Complaint brought under 42 U.S.C. § 1983, plaintiff names nine defendants: (1) Timothy A. Garrison (United States Attorney); (2) Nick Thomas (Camdenton Police Officer); (3) Lt. Beauchamp (Camdenton Police Lieutenant); (4) City of Camdenton, Missouri; (5) B.A. Pratt (Narcotics Investigator with

the Lake Area Narcotics Enforcement Group); (6) Dr. Douglas G. Wilson (Lake Regional Health System); (7) Sergeant Lortis (Phelps County Jail); (8) Nurse Kelley (Phelps County Jail Medical Staff); and (9) City of Rolla, Missouri. ECF No. 30 at 2-3, 11. Plaintiff names Dr. Wilson and Sergeant Lortis in both their individual and official capacities, but he names all other defendants in their official capacities only. *Id.* at 2-3, 11-12.

Although not specifically stated by plaintiff, his allegations against the first six defendants seem to be related to his arrest and indictment in his pending criminal case. As for defendant Garrison, plaintiff alleges that he "filed a grand jury indictment without probable cause determination first and filed it 18 days late," causing plaintiff to suffer prolonged detention and loss of property. ECF No. 1 at 3. As for defendant police officer Thomas, plaintiff asserts that Thomas "made false statement which caused[] a call for help to turn into drugs and weapon charges" and resulted in plaintiff suffering a "loss of liberty[], life, and property[]." *Id.* As for defendant police lieutenant Beauchamp, plaintiff states that he was the highest ranking officer "on the scene" and that he "should have been able to identify [that] plaintiff was under the influence and should have known to seal the room and wait on warrant." *Id.* As for the City of Camdenton, plaintiff alleges that it failed to train the employees of its police department "on how to approach a person under the influence." *Id.* at 12. As for defendant B.A. Pratt,[4] plaintiff asserts that Pratt "wrote or [applied] for a search warrant using hearsay and tainted evidence" and that he "omitted critical evidence in the search warrant application," resulting in a faulty grand jury indictment. *Id.* Finally, according to plaintiff, he was taken to the Lake Regional Emergency Room for a possible

---

[4] Plaintiff describes B.A. Pratt as a "Narcotics Investigator with the Lake Area Narcotics Enforcement Group." ECF No. 30 at 11. According to the Camden County Sheriff Office's website, the Lake Area Narcotics Enforcement Group is a "multi-jurisdictional drug task force which serves Camden, Crawford, Gasconade, Laclede, Maries, and Osage Counties … [The Group] employs five (5) Task Force Officers and is coordinated by the Missouri State Highway Patrol … [The Group] focuses their efforts on drug enforcement by conducting both covert and overt narcotics investigations in the counties and cities they serve." *Press Release: 4/11/2017 - Lake Area Narcotics Enforcement Group*, Camden County Sheriff's Office, https://www.camdencountymosheriff.org/press_view.php?id=562.

drug overdose or involuntary intoxication evaluation but Dr. Douglas Wilson only ordered a blood pressure check when he was "suppose to check for intoxication not mental problem." *Id.*

Again, although not stated specifically by plaintiff, it seems that plaintiff was taken to the Phelps County Jail after his arrest and visit to the emergency room. Once there, plaintiff alleges that another inmate lied and said that plaintiff was "talking bad to them" and as a result, Sergeant Lortis "teaser the plaintiff twice to make him seat in the restrain chair." *Id.* As for defendant Nurse Kelley, plaintiff alleges that she has been deliberately indifferent to his serious medical need and that she has failed "to see to the care of Plaintiff['s] cry for help." *Id.* at 13. Plaintiff states that he was diagnosed with Glaucoma in November 2020 and that he has had to go weeks without pain medication. He also states that he was told in November that he needed glasses to correct vision problems, but that as of March, he still had not received them. *Id.* Finally, plaintiff alleges that Phelps County Jail is within the boundaries of the City of Rolla and that the City "should see to the jail employee training." *Id.*

As for injuries, plaintiff states: "The injuries I sustained in the last 18 months of my unlawful arrest and detention is all mental." *Id.* For relief, plaintiff wants "a black attorney" and he implies that he would like money damages but he does not "know how much money to ask for." *Id.*

## Discussion

Plaintiff's Amended and Second Amended Complaints attempted to assert claims of excessive force and deliberately indifferent medical care. The Court provided plaintiff with guidance on how to state valid claims for relief and gave plaintiff multiple opportunities to amend his pleadings. Plaintiff seems to have ignored all the Court's guidance in his Third Amended Complaint which alleges various unrelated claims, against many defendants, without factual support. Liberally construing plaintiff's allegations, the Court finds that the Third Amended

Complaint fails to state a claim upon which relief may be granted. For the reasons discussed below, the Court will dismiss this case under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges defendant United States Attorney Timothy Garrison filed a grand jury indictment against him, without a probable cause determination. According to the docket sheet in plaintiff's pending criminal matter, the indictment was filed by Special Assistant United States Attorney Aaron M. Jolly after a grand jury found grounds for indictment. *U.S. v. Harris*, No. 2:19-CR-4088-BCW, ECF No. 1. As such, the docket sheet in plaintiff's criminal matter contradicts plaintiff's assertions that Garrison filed plaintiff's criminal indictment and that a grand jury had not made a probable cause determination. In addition to this lack of factual support, plaintiff's claims against Garrison are barred by absolute immunity. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (*abrogated on other grounds*). Plaintiff's claims against U.S. Attorney Timothy A. Garrison are subject to dismissal for failure to state a claim and barred by immunity.

Plaintiff's allegations against the officers who participated in his arrest and detention – defendants Thomas, Beauchamp, and Pratt – fail to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages. Plaintiff admits that his injuries related to his claims regarding unlawful arrest and detention are all "mental." ECF No. 30 at 13. The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a

prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."). Plaintiff has claimed no physical injury arising out of the alleged violations of his constitutional rights regarding his arrest and detention. He admits his injuries are mental and he seeks money damages. Plaintiff's claims against defendants Nick Thomas, Lt. Beauchamp, and B.A. Pratt fail to state a claim for compensatory damages under the PLRA and will be dismissed.

Plaintiff claims the cities of Camdenton and Rolla failed to train their employees. A governmental entity like a city can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

As to Camdenton, plaintiff alleges a failure to train "on how to approach a person under the influence." ECF No. 30 at 12. As to Rolla, plaintiff alleges the city should "see to the Jail Employee training." *Id.* at 13. These assertions are insufficient to support a failure to train claim against either city defendant. Plaintiff does not plead any facts from which one could begin to draw an inference of a deliberately indifferent failure to train. Without a factual underpinning, plaintiff's allegations amount to legal conclusions, which are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true...the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). In addition, plaintiff does not assert that he suffered any injury as a result

of a failure to train. Plaintiff provides no factual support for his failure to train allegations and as such, plaintiff's claims against the cities of Camdenton and Rolla fail to state a claim for relief.

Plaintiff's claims against defendants Dr. Wilson and Nurse Kelley relate to medical care. Plaintiff alleges Dr. Wilson provided inappropriate care when plaintiff was taken to Lake Regional Emergency Room and Dr. Wilson ordered a blood pressure check when plaintiff asserts that he should have checked for intoxication. ECF No. 30 at 12. Plaintiff does not allege any injury resulting from Dr. Wilson's medical care. Regardless, plaintiff's § 1983 claims against Dr. Wilson fail because Dr. Wilson is a not a state actor.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). The essential elements of a constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

Dr. Wilson, described by plaintiff as an employee of an emergency room, is a private party and not a state actor. As a result, he is not suable under § 1983 unless he is a "willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (internal citation omitted). Plaintiff does not allege any conspiracy between Dr. Wilson and any state actor, and the facts asserted do not support such a claim.

Plaintiff's allegations against Dr. Douglas G. Wilson fail to state a claim under 42 U.S.C. § 1983 and must be dismissed.

As to defendant Nurse Kelley, plaintiff alleges that he has had to go weeks at Phelps County Jail without pain medication for his Glaucoma, and that he has not received his needed glasses to correct his vision. ECF No. 30 at 13. However, there are no factual allegations connecting Nurse Kelley to plaintiff's denied pain medication or lack of glasses. Plaintiff does not state that he ever requested these items from Kelley and was denied. In addition, plaintiff states in his "Memorandum of Intent" that he was diagnosed with Glaucoma and prescribed glasses by an outside medical provider – not Nurse Kelley. ECF No. 29 at 1. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff fails to present any facts supporting an allegation that Nurse Kelley is directly responsible to plaintiff's lack of pain medication or glasses.

Even if plaintiff had alleged an involvement by Nurse Kelley in the denial of these aspects of his medical care, the facts asserted do not support a claim of deliberately indifferent medical care. A jail official's intentional denial of or delayed access to medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain and gives rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). To prevail under this standard, an inmate must demonstrate that a prison health care

provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

Based on plaintiff's own statements and the findings of the Western District Court on plaintiff's medical care, there is no evidence of a deliberate disregard as to plaintiff's medical care for his eye problems. Plaintiff's has received treatment and evaluation by an outside ophthalmologist and he has had eye surgery to correct some eye problems. Allegations of delay in receipt of medication or glasses, with no assertion of intentional maltreatment or refusal to provide care, are insufficient to support a claim of deliberate indifference. Again, it is not enough for plaintiff to assert legal conclusions without factual support. *See Wiles*, 280 F.3d at 870. Plaintiff fails to state a claim of deliberately indifferent medical care against defendant Nurse Kelley.

Finally, as to defendant Sergeant Lortis, plaintiff seems to allege that Lortis tasered him twice in order to get plaintiff to sit down in a restraint chair. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). In order to prevail on an excessive force claim, plaintiff must show that a defendant purposely or knowingly used objectively unreasonable force. *Id.* "Whether the application of force is unreasonable turns on the facts and circumstances of each particular case." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (internal quotations and citations omitted). "Factors relevant to assessing the objective reasonableness of force used by officers include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of

force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* (citing *Kingsley*, 135 S. Ct. at 2473).

Here, plaintiff's allegations are insufficient to suggest that the force used by Lortis was objectively unreasonable. Plaintiff disagreed with something said to Lortis by another inmate and Lortis used the taser to "make him" sit in the chair. Plaintiff does not allege that he suffered any injury as a result of the tasering. "[Correctional] Officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not apply force maliciously and sadistically to cause harm." *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (internal quotation marks omitted). Plaintiff's allegations are insufficient to infer that Lortis used the taser to cause harm maliciously and sadistically. The allegations suggest that the taser was used to enforce compliance with an order to sit in the chair. Plaintiff's Third Amended Complaint fails to state a claim against defendant Sergeant Lortis.

For all of the reasons discussed above, this case does not survive review under 28 U.S.C. § 1915(e)(2)(B)(ii) and must be dismissed for failure to state a claim upon which relief may be granted. The Court finds that it would be futile to allow plaintiff to amend his pleadings, as the Court has already given plaintiff this opportunity multiple times.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of appointment of counsel [ECF No. 28] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for "Demandant of Real Action and Transitory Action" [ECF No. 32] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 31st day of March, 2021.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE