UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY M. HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-800 NCC |
| PHELPS COUNTY JAIL, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This closed case is before the Court on self-represented plaintiff Anthony Harris's "Motion Pro Se for Objection to Dismissal of Case." ECF No. 41. On March 31, 2021, the Court dismissed this case under 28 U.S.C. § 1915(e)(2). ECF Nos. 33-34. On April 12, 2021, plaintiff filed a notice of appeal of that dismissal with the United States Court of Appeals for the Eighth Circuit. ECF No. 36. The Court received the instant motion for filing on April 21, 2021. For the reasons discussed below, the Court declines to alter or amend the judgment in this matter, or to provide plaintiff with relief from final judgment. As such, plaintiff's motion will be denied.

**Background**

Self-represented plaintiff, a pretrial detainee being held at Phelps County Jail, filed this action alleging violations of his civil rights under 42 U.S.C. § 1983. The Court dismissed the matter for failure to state a claim on which relief may be granted, after review of plaintiff's third amended complaint. *See* ECF Nos. 33-34. The Court found that allowing plaintiff to further amend his pleadings would be futile, as the Court had already provided plaintiff with extensive instructions on amendment. *See* ECF Nos. 6, 18, 24.

In his third amended complaint (which the Court warned plaintiff would completely replace all prior complaints), plaintiff named nine defendants. ECF No. 30. His allegations against six of the defendants were related to his arrest and indictment in his pending criminal case in the United States District Court for the Western District of Missouri. *See U.S. v. Harris*, No. 2:19-CR-4088-BCW (W.D. Mo. Nov. 13, 2019). The Court dismissed those six defendants based on absolute immunity; failure to state an actionable claim under the Prison Litigation Reform Act where only mental injuries are alleged; and insufficient factual allegations to support a failure-to-train claim regarding city employees. ECF No. 33 at 8-10.

Unrelated to his criminal prosecution, plaintiff alleged medical care claims against two defendants. One medical defendant was a private-party, emergency-room employee and therefore not a state actor suable under 42 U.S.C. § 1983. *Id.* at 10-11. The other medical defendant was a nurse at Phelps County Jail. Plaintiff made no allegations of personal liability or deliberate disregard against the nurse defendant, as related to his claims of insufficient pain medication and lack of eyeglasses. As such, claims against this nurse defendant were dismissed for failure to state a § 1983 claim. *Id.* at 11-12.

Finally, as to the ninth defendant – Sergeant Lortis at the Phelps County Jail – plaintiff alleged only that Lortis tasered him twice in order to get him to sit in a restraint chair. The Court found that plaintiff's allegations were insufficient to state an excessive force claim against Lortis. *Id.* at 12-13. Therefore, the Court ruled that the third amended complaint did not survive review under 28 U.S.C. § 1915(e)(2) and dismissed the action on March 31, 2021. ECF No. 34.

On April 12, 2021, plaintiff filed a notice of appeal with the Eighth Circuit Court of Appeals regarding the dismissal. ECF No. 36. Nine days later, plaintiff filed the motion which is currently before the Court.

**Pending Motion**

Plaintiff's "Motion Pro Se for Objection to Dismissal of Case" states "Grounds for Objection" which include: that plaintiff never received notice of the March 31, 2021 dismissal signed by United States District Judge Ronnie White, and that plaintiff's last knowledge of the case status was from United States Magistrate Judge Noelle Collins on February 25, 2021. ECF No. 41 at 1.  It is unclear how these statements provide grounds for objecting to the dismissal in this matter.  Plaintiff must have received some notice of dismissal as he timely filed a notice of appeal with the appellate court.

The rest of plaintiff's motion, which is labeled "Background for Objection," contains factual allegations regarding conditions of confinement at Phelps County Jail. *Id.* at 1-4.  Most of the allegations were not included in, and are completely unrelated to, the claims of plaintiff's third amended complaint.  For example, plaintiff alleges that he was chained to a bench for an hour while experiencing mouth pain; he was put in segregation for over a month with minimal out-of-cell time; he was charged $15 over 30 times for different medical visits; he has not received medical care for a diagnosed medical disease; he was assaulted by a police officer (who was not named as a defendant in this matter); he received delayed medical treatment for a bad tooth; he was fed "pig soap;" and finally, that the Jail is unconstitutionally screening his mail. *Id.*

**Discussion**

Although plaintiff has filed a notice of appeal that is currently pending with the appellate court, this Court may take action in furtherance of the appeal.  "The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)).  But filing a

notice of appeal does not prevent a district court from taking action in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citations omitted).

Plaintiff's motion does not directly state what relief is sought. However, based on the motion title, the Court assumes plaintiff is seeking reconsideration of the dismissal issued in this matter. It is unclear whether plaintiff intends his *pro se* motion to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discusses differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing the arguments made by plaintiff in his motion, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). Plaintiff points to no manifest errors of law or fact made by the Court in its dismissal order. Although plaintiff provides the Court with many new facts in his motion, these facts are not relevant to the claims in the third amended complaint and they do not constitute newly discovered evidence. A motion for reconsideration of a closed matter cannot introduce new evidence or tender new legal theories, as plaintiff has done here. Furthermore, plaintiff's motion fails to point to any mistake, fraud, or other reason justifying reconsideration of the Court's judgment. There are no exceptional circumstances here that justify extraordinary relief. The Court will not reconsider merit arguments that were previously considered and dismissed. The Court declines to provide plaintiff with relief from final judgment

in this matter. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion Pro Se for Objection to Dismissal of Case" [ECF No. 41] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall file any future documents or pleadings in connection with his appeal directly with the United States Court of Appeals for the Eighth Circuit.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of May, 2021.